474 So.2d 1183 (1985)
Robert Larry GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 65030.
Supreme Court of Florida.
August 22, 1985.
Phillip S. Davis, Miami, for appellant.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Gibson appeals his conviction of first-degree murder and sentence of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and reverse Gibson's conviction.
The police arrested Gibson in June 1976 for breaking into a woman's apartment, hitting her over the head with a blunt instrument, and raping her. She was dead when found the next morning. Gibson confessed to the crimes, and the state indicted him for first-degree murder. In July 1976 the trial court ordered Gibson to undergo a psychiatric examination and entered an order adjudging him competent in August. After another examination in September 1976, however, the court declared Gibson incompetent and ordered him hospitalized. The hospital discharged Gibson and, after further evaluations, the trial court declared him competent in August 1978. Gibson, however, was re-hospitalized. The trial court declared him competent for the third time in April 1981. Then, following further competency hearings in October and November 1981, the trial court found Gibson competent as a matter of law but incompetent to stand trial. In January 1984 the trial court again found Gibson to be competent, but in doing so took no testimony, relying rather on past medical reports and her own observations of Gibson. The case proceeded to trial. The jury convicted him as charged and recommended the death penalty, which the trial court imposed.
In August 1983 Gibson's counsel had filed a motion for discharge and to adjudicate Gibson not guilty by reason of insanity. He filed a supplemental motion for discharge later in the year, and the trial court held a hearing on the matter in November 1983. The court denied both motions.
During jury selection, the following colloquy took place on January 30, 1984:
Mr. Novick [assistant state attorney]: Two things we need to put on the record: We need a finding of competency now because it has been three months since the last competency finding... .
Do you stipulate to that [Gibson's competency], Alan?
Mr. Soven [defense counsel]: No, I won't stipulate to that.
* * * * * *
Mr. Novick: The only thing we ask the Court, we need to find, Judge, on the record, competency at this particular time.
The Court: Yes, yes.
Mr. Novick: According to my legal counsel.

*1184 The Court: Judge Salmon [who heard the 1983 motions for discharge] didn't make that ruling? He heard  held all the hearings. He just didn't make the 
Mr. Novick: He ruled on the Garrett decision, Judge, and the five-year rule.
The Court: Uh-huh.
Mr. Novick: Due process, the speedy trial arguments.
The Court: All right, I am more than familiar with Mr. Gibson's reports, ruling him competent at this time.
This Court has consistently held that a "trial court has the responsibility to conduct a hearing for competency to stand trial whenever it reasonably appears necessary, whether requested or not." Christopher v. State, 416 So.2d 450, 452 (Fla. 1982); State v. Green, 395 So.2d 532 (Fla. 1981); Gentilli v. Wainwright, 157 So.2d 419 (Fla. 1963). Here, we find that, given Gibson's history, the trial court should have conducted a competency hearing before proceeding to trial and predicated her conclusion on valid evidence. The Court committed reversible error by not doing so. We therefore vacate Gibson's death sentence and reverse his conviction. We direct the trial court to conduct a competency hearing prior to retrying Gibson.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS and ALDERMAN, JJ., dissent.