502 So.2d 1375 (1987)
Johnnie Lee JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2687.
District Court of Appeal of Florida, Fourth District.
March 4, 1987.
*1376 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
This is an appeal from a conviction and sentence for manslaughter and third degree murder.
Defendant stole a truck. In fleeing, he drove off with great difficulty and found *1377 himself on a dead end street where he ran into a car and a fence. Driving erratically, he then collided with a truck. Defendant fled onto Sunrise Boulevard during rush hour when he lost control of the truck, drove over the median, and hit an oncoming car killing, the driver. Defendant left on foot and shortly thereafter was himself struck while running across I-95. All of these events occurred over the course of approximately 20 minutes.
Following a jury verdict the trial court adjudicated the defendant guilty of third degree murder and withheld adjudication on the manslaughter verdict. The defendant was also determined to be a habitual offender. Appellant contends that the evidence was insufficient to sustain the convictions. With respect to the manslaughter verdict, we conclude that there was sufficient evidence of gross, flagrant, wanton and reckless conduct to sustain a conviction. McCreary v. State, 371 So.2d 1024, 1026 (Fla. 1979). As to the third degree murder conviction, defendant relies on Mahaun v. State, 377 So.2d 1158 (Fla. 1979), contending that there was no causation between the theft and the accident. However, here there was sufficient evidence to conclude that the killing was part of the same incident as the felony. See Jefferson v. State, 128 So.2d 132 (Fla. 1961). State v. Hacker, 11 F.L.W. 1865 (Fla. 4th DCA Sept. 5, 1986), clarified, 11 F.L.W. 2182 (Fla. 4th DCA Oct. 15, 1986).
In Campbell v. State, 227 So.2d 873 (Fla. 1969), cert. dismissed, 400 U.S. 801, 91 S.Ct. 7, 27 L.Ed.2d 33 (1970), the court affirmed a felony murder conviction where a robbery defendant shot an officer after he was stopped at a roadblock. The supreme court held that the robbery had not ended. In the instant case, the defendant was fleeing in the stolen truck and had not yet reached a point of rest or safety when he struck the car on Sunrise Boulevard. Accordingly, there was also sufficient evidence to sustain the conviction for third degree murder.
Appellant next argues that he may not be convicted of both third degree murder and manslaughter for the same death. Appellant seeks to have the withheld adjudication stricken, and asks that we direct entry of a judgment of acquittal as well. The state contends that manslaughter and felony murder are separate and distinct crimes.
In Houser v. State, 474 So.2d 1193 (Fla. 1985), the court held that the state may not obtain two homicide convictions for a single death. Houser is controlling in the instant case. See also State v. Gordon, 478 So.2d 1063 (Fla. 1985); Thomas v. State, 380 So.2d 1299 (Fla. 4th DCA), rev. denied, 389 So.2d 1116 (Fla. 1980); Dorman v. State, 492 So.2d 1160 (Fla. 1st DCA 1986); Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984); Barber v. State, 413 So.2d 482 (Fla. 2d DCA 1982); Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981); Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981). There is no need in this case to engage in an extensive discussion of double jeopardy and the applicability of the test in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), because in Florida the legislature did not intend to punish the one death by multiple convictions under different statutes. See Vela, 450 So.2d at 305. See also Gotthardt v. State, 475 So.2d 281 (Fla. 5th DCA 1985).
The withholding of adjudication is a conviction for many purposes. See Maxwell v. State, 336 So.2d 658 (Fla. 2d DCA 1976); Fla.R.Crim.P. 3.701(d). Therefore we reverse and vacate the withheld adjudication on the verdict of manslaughter.
Appellant next claims that he was not competent to stand trial. Appellant contends that, even in the absence of objection or motion, the court was required to, sua sponte, order a competency hearing under Florida Rule of Criminal Procedure 3.210(b). The trial court does have the duty to conduct a hearing on defendant's competency if it reasonably appears necessary. Gibson v. State, 474 So.2d 1183 (Fla. 1985); Christopher v. State, 416 So.2d 450 (Fla. 1982); Rolle v. State, 493 So.2d 1089 (Fla. 4th DCA 1986). In the instant case, the defendant was confined to a wheelchair, *1378 and had exhibited some confusion. The defendant did not, however, have a history of mental illness. Moreover, defense counsel in this case had actually requested that Jones be allowed to act pro se as cocounsel. The court had questioned the defendant and counsel incident to that request and was satisfied that the defendant was competent. As such, we conclude that the court did not err in its refusal to hold a competency hearing or in its determination that the defendant was competent to stand trial.
With regard to sentencing, the trial court found that appellant was a habitual offender and deviated from the guidelines on this basis. The supreme court has since determined that a finding that defendant is a habitual offender is not a permissible basis for departing from the sentencing guidelines. State v. Whitehead, 498 So.2d 863 (Fla. 1986).
In addition, the trial court failed to attach written reasons for departure. Simply checking a box in the judgment and sentence form is insufficient to satisfy the requirements of Florida Rule of Criminal Procedure 3.701. See State v. Jackson, 478 So.2d 1054 (Fla. 1985); Boynton v. State, 473 So.2d 703 (Fla. 4th DCA), aff'd, 478 So.2d 351 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986); Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984). We therefore reverse the defendant's sentence, and remand for resentencing. Since there will be resentencing, we do not reach the issues with respect to costs, but direct the trial court's attention to Jenkins v. State, 444 So.2d 947 (Fla. 1984).
We therefore affirm in part and reverse in part, and remand for resentencing.
DELL and GUNTHER, JJ., concur.