526 So.2d 173 (1988)
Johnnie Lee JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2427.
District Court of Appeal of Florida, Fourth District.
June 1, 1988.
Rehearing Denied June 22, 1988.
*174 Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Appellant was convicted of third degree murder, grand theft and leaving the scene of an accident involving death or injury. The trial court deviated from the guidelines on the basis that appellant was a habitual offender. This court reversed the departure sentence in Jones v. State, 502 So.2d 1375 (Fla. 4th DCA 1987), relying on State v. Whitehead, 498 So.2d 863 (Fla. 1986).
On remand the trial court found that the recommended guidelines range was three to seven years. The court then used three previously unarticulated reasons as grounds for aggravating the sentence to twenty-five years.
Because the sole reason initially given for departure from the guidelines, habitual offender status, was found invalid on appeal, the trial court cannot, upon resentencing, exceed the recommended sentence by ascribing new reasons for departure. See Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
Shull holds that a trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court. This is precisely the situation involved in the instant case except that the trial court called its re-departure an "aggravation" of the presumptive sentence. Whether called "departure" or "aggravation," the result is the same and, under Shull, is unacceptable.
REVERSED AND REMANDED FOR RESENTENCING WITHIN THE GUIDELINES.
LETTS and WALDEN, JJ., concur.