540 So.2d 245 (1989)
Johnnie Lee JONES, Appellant,
v.
STATE of Florida, Appellee.
Nos. 87-2427, 88-2449.
District Court of Appeal of Florida, Fourth District.
March 29, 1989.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
As a result of being convicted in 1985 of murder in the third degree, grand theft and leaving the scene of an accident involving death, the appellant, Johnnie Lee Jones, was sentenced to a fifty-year term of imprisonment as an habitual offender.
On appeal to this court, the sentence was vacated as violative of Whitehead v. State, 498 So.2d 863 (Fla. 1986), and the case was remanded for resentencing. Jones v. State, 502 So.2d 1375 (Fla. 4th DCA 1987).
The trial court again imposed an enhanced sentence setting forth reasons for its upward departure from the sentencing guidelines. This court again reversed and remanded for resentencing. Jones v. State, 526 So.2d 173 (Fla. 4th DCA 1988). In that opinion we did not address the adequacy of the reasons for departure. We relied instead upon the rationale of Shull v. Dugger, 515 So.2d 748 (Fla. 1987). That case held that upon resentencing after reversal of a departure sentence grounded *246 upon inadequacy of the initial basis for an upward departure from the sentencing guidelines the trial court may not again depart from the guidelines assigning new or different reasons for the subsequent departure.
The third sentencing of appellant again resulted in an upward departure from the sentencing guidelines. That sentence is the subject of the present appeal.
The issue is whether the initial sentencing of appellant, resulting in a sentence enhanced by application of the habitual felony offender statute, constitutes a bar to subsequent enhancement of his sentence based upon written reasons supporting an upward departure from the sentencing guidelines recommended range.
We hold that it does not. Our holding is based upon a finding from examination of the record that the initial sentencing was not intended by the trial court nor considered by the parties as a departure sentence with reference to the guidelines. Our legal conclusion is buttressed by a line of cases, spawned by the second district in Waldron v. State, 529 So.2d 772, 774 (Fla. 2d DCA 1988), which cases support a holding that "where a trial court does not provide reasons for departure and the sentence imposed is later determined to be a departure, the trial court must be given an opportunity to depart from the presumptive guidelines sentence after remand for resentencing." See Brown v. State, 535 So.2d 332 (Fla. 1st DCA 1988); Roberts v. State, 534 So.2d 1225 (Fla. 1st DCA 1988); Dyer v. State, 534 So.2d 843 (Fla. 5th DCA 1988); State v. Wayda, 533 So.2d 939 (Fla. 3d DCA 1988).
Finding that the stated reasons constitute a valid basis for an upward departure from the sentencing guidelines recommended range, we affirm.
AFFIRMED.
LETTS and WALDEN, JJ., concur.