559 So.2d 204 (1990)
Johnnie Lee JONES, Petitioner,
v.
STATE of Florida, Respondent.
No. 74004.
Supreme Court of Florida.
March 1, 1990.
Rehearing Denied May 1, 1990.
*205 Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
We have for review Jones v. State, 540 So.2d 245 (Fla. 4th DCA 1989) [Jones III], in which the district court affirmed a departure sentence imposed on remand. The underlying issue concerns the authority of the sentencing judge, in a resentencing proceeding, to depart from the recommended guidelines sentence. We accepted jurisdiction because of direct conflict with Harrison v. State, 523 So.2d 726 (Fla. 3d DCA 1988).[*] We approve the legal analysis of the district court in the instant case, but find that the maximum sentence that can be imposed upon the petitioner is twenty-five years.
This case comes to us in a very unusual procedural posture. Jones was convicted in 1985 of third-degree murder, grand theft, and leaving the scene of an accident. The trial court sentenced Jones, solely under the habitual offender statute, to fifty years in prison. On appeal, the district court affirmed the convictions but determined that
a finding that defendant is a habitual offender is not a permissible basis for departing from the sentencing guidelines. Whitehead v. State, 498 So.2d 863 (Fla. 1986).
In addition, the trial court failed to attach written reasons for departure.
Jones v. State, 502 So.2d 1375, 1378 (Fla. 4th DCA 1987) [Jones I]. The district court then remanded the case for resentencing.
At resentencing, the trial court determined that the recommended guidelines range was three to seven years. The trial court then imposed a twenty-five year sentence, giving three reasons for departure. On appeal, the district court held the sentence invalid, ruling that
[b]ecause the sole reason initially given for departure from the guidelines, habitual offender status, was found invalid on appeal, the trial court cannot, upon resentencing, exceed the recommended sentence by ascribing the new reasons for departure. See Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
Jones v. State, 526 So.2d 173, 174 (Fla. 4th DCA 1988) [Jones II].
The mandate for Jones II was issued on July 8, 1988, and a third sentencing was held on August 11, 1988. The trial judge reimposed a fifty-year sentence, based upon Jones' habitual offender status and the prior departure reasons. The trial judge expressly relied upon the Second District Court's decision in Waldron v. State 529 So.2d 772 (Fla. 2d DCA 1988), released *206 subsequent to Jones II, believing that Waldron allowed him to impose the initial fifty-year sentence. Jones filed a motion to enforce the Jones II mandate on August 12, 1988, one day after the resentencing. In so doing, he was seeking to have the trial judge impose the recommended guidelines sentence. This motion was granted on September 14, 1988. In the meantime, Jones timely filed an appeal from the August 11 resentencing. The state filed a motion for rehearing directed toward the order granting Jones' motion to enforce the mandate and also requested the district court of appeal to vacate the mandate enforcement order. On December 2, 1988, the district court vacated its order enforcement the mandate and consolidated its Jones II decision with the notice of appeal from the third sentence.
In Jones III, the district court reconsidered its Jones II decision and affirmed the third sentence, noting that it previously had not addressed the adequacy of the reasons for departure in its Jones I decision and had relied on our decision in Shull v. Dugger, 515 So.2d 748 (Fla. 1987), for its holding requiring a reversal of the sentence in Jones II. The district court reconsidered these decisions and, relying on the Second District Court's interpretation of Shull in its Waldron decision, concluded that the first sentencing of Jones, which resulted in a sentence enhanced by the application of the habitual offender statute, did not constitute a bar to subsequent enhancement of his sentence based upon written reasons supporting an upward departure from the sentencing guidelines' recommended range. Since the district court of appeal had jurisdiction to review the third sentencing, it also had the authority to change the law of the case previously set forth in Jones I and Jones II. See Strazulla v. Hendrick, 177 So.2d 1 (Fla. 1965).
In our recent decision in Roberts v. State, 547 So.2d 129 (Fla. 1989), we approved Waldron. In Roberts and in State v. Betancourt, 552 So.2d 1107 (Fla. 1989), we distinguished those resentencing where the judge in the original sentencing did not know that he had to set forth reasons for departure from those resentencings where the judge previously had departed from the guidelines and set forth reasons for departure.
In Shull, the judge imposed a sentence in excess of the guidelines recommendation for the announced reason that the defendant had been found to be an habitual offender. When this was determined to be an invalid reason for departure, this Court held that upon resentencing the trial judge could not state new reasons for departure. Implicit in this ruling was our desire to preclude the possibility of a judge providing an after-the-fact justification for a previously imposed departure sentence. However, in the instant case, the judge simply sentenced Jones as an habitual offender. Neither the judge nor counsel made any reference to the sentencing guidelines, and the record contains no guidelines scoresheet. This was not a case where the judge relied upon a reason for departure that was later declared invalid but, rather, one in which the judge considered his sentence to be one to which the guidelines did not apply.
We find that the decision of the district court of appeal in Jones III is consistent with our decisions in Roberts and Betancourt, and that the conflict with Harrison has been resolved by those decisions. However, as to this petitioner, the double jeopardy principles set forth in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), prohibit an increase in the sentence imposed at the second sentencing, which the petitioner appealed. The cases relied on by the district court of appeal in Jones III were decided after the trial court imposed the twenty-five year sentence on Jones. Although a change of law subsequently occurred which would have permitted imposition of the initial fifty-year sentence, the district court of appeal would not have had the opportunity to apply that law had the petitioner not appealed the second sentence. Double jeopardy prohibits the increase of the sentence. Brown v. State, 521 So.2d 110 (Fla.), cert. denied, ___ U.S. ___, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988); Troup v. *207 Rowe, 283 So.2d 857 (Fla. 1973); Pearce. We agree with the petitioner that, while a departure sentence of more than three-to-seven years would stand because of the Waldron-Roberts rationale, the rationale cannot be used to impose a harsher departure sentence than that imposed in the second sentencing of this petitioner.
We approve the legal analysis contained in the district court's Jones III opinion, but find that the maximum sentence that can be imposed by the trial court is twenty-five years. Accordingly, we quash that portion of the district court's decision approving the trial court's imposition of a fifty-year sentence and remand this cause for further proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.