PER CURIAM.
Appellant, Kenneth A. Stewart, was convicted of attempted escape and was sentenced as an habitual felony offender. In this appeal, he challenges the admission of inculpatory statements which he asserts were not voluntarily made and did not follow a knowing and intelligent waiver of his right to remain silent. Finding his contention unsupported by the record, we affirm the conviction without further elaboration.
Appellant also challenges his 30-year habitual offender sentence which was imposed pursuant to section 775.084(4)(a), Florida Statutes (1987). In imposing the 30-year sentence applicable to a second-degree felony under the habitual offender statute, the trial court ignored appellant’s guidelines scoresheet which would have placed appellant in the 21/2-31/⅛ year sentencing range. This was error because the 1987 version of the habitual offender statute could not supercede the guidelines in this manner. See Whitehead v. State, 498 So.2d 863 (Fla.1986). Because the trial court was under the mistaken belief that the guidelines did not apply, the court may impose a departure sentence on resentenc-ing if valid contemporaneous written reasons are given.[1] See Jones v. State, 559 So.2d 204 (Fla.1990); Whitfield v. State, 561 So.2d 22 (Fla. 1st DCA 1990).
Appellant’s conviction is affirmed, but his sentence is reversed and the case is remanded to the trial court for resentenc-ing.
NIMMONS, BARFIELD and MINER, JJ., concur.

. The record establishes that the trial court proceeded under the habitual offender statute exclusively, and was not merely using appellant’s status as an habitual offender as a reason to depart from the guidelines. The trial court’s oral pronouncements and written findings, styled "Findings in Support of Habitual Offender Sentencing,” all refer to section 775.084 without mentioning the guidelines.