PER CURIAM.
Appellant claims that the court erred in ordering restitution to an insurance company for amounts paid to the family of the victim of appellant’s crime. For the follow *1062 ing reasons, we reverse and remand with directions that the provisions for restitution be stricken. See Jones v. State, 559 So.2d 204 (Fla.1990), cert. denied, — U.S. —, 111 S.Ct. 276, 112 L.Ed.2d 232 (1990); Abt v. State, 581 So.2d 1001 (Fla. 4th DCA 1991).
Appellant was convicted of third degree murder, grand theft and leaving the scene of an accident. Jones v. State, 502 So.2d 1375 (Fla. 4th DCA 1987). He stole a dump truck and ran it head on into another vehicle, causing the death of its occupant. At the first sentencing hearing on November 12, 1985, appellant was sentenced to 50 years of imprisonment as a habitual offender, but the court elected not to impose restitution. The sentence was overturned on appeal because habitual offender status was not a valid reason for departure. Jones v. State, 502 So.2d 1375 (Fla. 4th DCA 1987) (Jones I).
At the second sentencing hearing in August of 1987, the court gave three written reasons for departing from the recommended range and sentenced appellant to 25 years. No mention of restitution was made. That sentence was also appealed and reversed based on Shull v. Dugger, 515 So.2d 748 (Fla. 4th DCA 1988). Jones v. State, 526 So.2d 173 (Fla. 4th DCA 1988) (Jones II).
On the third resentencing in August of 1988, restitution was not mentioned, and the court imposed a sentence of 50 years as a habitual offender. This court upheld the sentence. Jones v. State, 540 So.2d 245 (Fla. 4th DCA 1989) (Jones III). However, upon discretionary review, the Florida Supreme Court held that double jeopardy principles prohibited an increase of the sentence. Jones v. State, 559 So.2d 204 (Fla.1990) (Jones IV). The court found “that the maximum sentence that can be imposed by the trial court is twenty-five years.” Id. at 207.
At the fourth resentencing in November 1990, the state introduced evidence that in 1985 the victim’s mother had filed a wrongful death action against the owner of the dump truck that appellant had stolen. As a result, the insurance company for the owner had settled the claim for $653,-155.00. In addition, the state showed that appellant had filed a lawsuit against Prison Health Services, Inc. who was responsible for his medical treatment for injuries he also received in the accident in which the victim died. As a result of alleged negligent medical care, appellant’s leg had to be amputated. There was no evidence in the record of the amount, if any, that appellant had received or expected to receive as a result of his lawsuit. However, based upon the “expectation of potential payment” from the lawsuit, the trial court found that appellant now had the ability to pay restitution to the insurance company. Appellant objected and appealed the trial court’s sentence.
Restitution is part of a sentence. Section 775.089(l)(a), Florida Statutes (1983). This court recently held that imposition of restitution for the first time on remand constituted a prohibited enhanced sentence. Abt v. State, 581 So.2d 1001 (Fla. 4th DCA 1991). Furthermore, in Jones IV, the Supreme Court remanded for the imposition of a maximum sentence of 25 years imprisonment. Certainly, 25 years imprisonment plus a requirement to pay restitution to the insurance company of $650,000 is a greater sentence than 25 years imprisonment. See also Morganti v. State, 573 So.2d 820 (Fla.1991).
Because of our resolution of the first issue, we do not address the other points raised by appellant.
Reversed and remanded to impose a maximum sentence of 25 years imprisonment.
ANSTEAD, WARNER and GARRETT, JJ., concur.