632 So.2d 86 (1994)
Rodney COOK, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-2479.
District Court of Appeal of Florida, Third District.
January 18, 1994.
Rehearing Denied March 15, 1994.
Bennett H. Brummer, Public Defender and Julie M. Levitt, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Cecily Robinson-Duffie, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and GODERICH, JJ.
SCHWARTZ, Chief Judge.
After his initial conviction of first degree murder was reversed in Cook v. State, 595 So.2d 994 (Fla. 3d DCA 1992), Cook was retried and found guilty of manslaughter. He now appeals from the ensuing conviction and enhanced sentence as an habitual offender.
*87 Cook raises only one claim of error in the trial. Although he specifically stated on direct examination that the case had been the subject of a previous trial, he now claims that certain other questioning prejudicially implied that he had been found guilty. We find no basis for granting still another trial on this ground. In our view, the generalized references to the earlier trial do not in fact state, or even fairly suggest, that it had resulted in a conviction. See Robinson v. State, 574 So.2d 108 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 131, 116 L.Ed.2d 99 (1991); Sireci v. State, 587 So.2d 450 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1500, 117 L.Ed.2d 639 (1992); compare Jackson v. State, 545 So.2d 260, 263 (Fla. 1989) (reversal required when prosecutor asked defendant whether he "had been convicted when you were in prison") [e.s.]; Weber v. State, 501 So.2d 1379, 1380-81 (Fla. 3d DCA 1987) (reversal required when juror learned that defendant's conviction and ninety-nine year sentence had been reversed "because of a technicality").
We agree with the defendant that, since the crime in question was committed prior to 1988, the determination that Cook was an habitual offender does not, as the trial judge stated, justify the upward departure from the guidelines represented by his thirty-year habitual offender sentence. Whitehead v. State, 498 So.2d 863 (Fla. 1986); compare post-October 1, 1988 statute treated in, e.g., King v. State, 597 So.2d 309 (Fla. 2d DCA 1992), review denied, 602 So.2d 942 (Fla. 1992). The departure sentence is therefore vacated. Moreover, although it is obvious that the trial court, imposing sentence in 1992, mistakenly did not realize that additional grounds were required to justify the departure, we conclude that, under Shull v. Dugger, 515 So.2d 748 (Fla. 1987), those grounds may not now be added after remand. We distinguish Jones v. State, 559 So.2d 204 (Fla. 1990), cert. denied, 498 U.S. 907, 111 S.Ct. 276, 112 L.Ed.2d 232 (1990), upon which the state relies, on the grounds stated in the opinion itself:
In Shull, the judge imposed a sentence in excess of the guidelines recommendation for the announced reason that the defendant had been found to be an habitual offender. When this was determined to be an invalid reason for departure, this Court held that upon resentencing the trial judge could not state new reasons for departure. Implicit in this ruling was our desire to preclude the possibility of a judge providing an after-the-fact justification for a previously imposed departure sentence. However, in the instant case, the judge simply sentenced Jones as an habitual offender. Neither the judge nor counsel made any reference to the sentencing guidelines, and the record contains no guidelines scoresheet. This was not a case where the judge relied upon a reason for departure that was later declared invalid but, rather, one in which the judge considered his sentence to be one to which the guidelines did not apply.
559 So.2d at 206. Accordingly, Cook must be resentenced within the guidelines.
Finally, we agree that the clerically erroneous reference in the formal adjudication to Florida Statute § 782.04 (first degree murder) should be corrected on remand to refer to the manslaughter statute, Florida Statute § 782.07.
Affirmed in part, vacated in part, amended in part, and remanded for resentencing.