THOMPSON, Judge.
The state appeals Anthony Michael Clary’s sentence contending that it was an improper downward departure because, although the court entered departure reasons 30 days after sentencing, it did not enter reasons contemporaneous with sentencing.
Clary was convicted of armed burglary and armed robbery, and the maximum sentence he could have received was life imprisonment as a habitual offender. Two sentencing guidelines seoresheets were presented to the trial court: one from the prosecutor showing 368 points, and one from a probation officer showing 269 points. The scoresheet prepared by the probation officer is not in the record on appeal. The prosecutor’s score-sheet provided for a recommended sentence of 22 to 27 years, and a permitted range of 17 to 40 years. The prosecutor stated that he prepared a scoresheet because the one prepared by the probation officer was inaccurate. Clary objected to the accuracy of the prosecutor’s scoresheet. Clary requested that a new scoresheet be prepared unless the court followed his recommendation of a 12 year sentence to be served concurrent with a sentence in another case. The trial court received the prosecutor’s scoresheet and stated it would advise the parties if it were to require a new scoresheet. Pursuant to the prosecutor’s request, the court designated Clary a habitual offender.
*109 After hearing extensive testimony in mitigation of sentence, the trial court stated its reasons and sentenced Clary to 15 years in prison. The trial court did not provide -written reasons for the downward departure sentence, although the trial court noted on the prosecutor’s scoresheet that Clary was a “habitual felony offender.” After the state filed its notice of appeal, Clary moved the court to correct the sentence by providing written departure reasons. The court conducted a hearing, granted the motion, and entered a written order nunc pro tunc to the original sentencing date. The written order contained reasons for the departure that were based upon section 921.0016(4), Florida Statutes (1995). The state objected to the written order. We reverse the sentence and remand for reconsideration of whether to impose a departure sentence.
The court was required to file contemporaneous written reasons for the departure sentence. State v. Rinkins, 646 So.2d 727 (Fla.1994); Bell v. State, 651 So.2d 237 (Fla. 5th DCA 1995). Clary argues that section 921.0016(l)(c), Florida Statutes (1995) and Florida Rule of Criminal Procedure 3.702 apply, and that, but for the state’s early appeal, the 15-day window provided by the statute and the rule would have allowed the trial court to submit a written order or a transcript of the orally announced reasons for the departure. We cannot agree because the offenses were committed in December 1993, and therefore section 921.0016(l)(e) and rule 3.702(d)(18), do not apply in this case. The statute and the rule only apply to offenses committed after 1 January 1994. See State v. Colbert, 660 So.2d 701 (Fla.1995) (Wells, J., concurring). Therefore, the departure reasons should have been provided at the time of sentencing. State v. Bee, 557 So.2d 914 (Fla. 4th DCA 1990) (citing Ree v. State, 565 So.2d 1329 (Fla.1990)). Further, the trial court entered its written reasons 30 days after the sentencing. Even if the 15-day window period applied, the written reasons were late. An order providing the reasons nunc pro tune to the date of sentencing does not cure the failure to provide the written reasons at sentencing. See Id.
The fact that a defendant is a habitual offender is not a valid reason for departure. Shull v. Dugger, 515 So.2d 748 (Fla.1987). Where the sole stated reason for departure is that the defendant is a habitual offender, on remand, the trial court may not depart by stating new reasons. Id. However, where the trial court erroneously considers the sentence to be one to which the guidelines do not apply, on remand the court may depart if it files proper reasons. Jones v. State, 559 So.2d 204 (Fla.), cert. denied, 498 U.S. 907, 111 S.Ct. 276, 112 L.Ed.2d 232 (1990); Stewart v. State, 576 So.2d 1375 (Fla. 1st DCA 1991).
The Jones court explained:
In Shull, the judge imposed a sentence in excess of the guidelines recommendation for the announced reason that the defendant had been found to be an habitual offender. When this was determined to be an invalid reason for departure, this Court held that upon resentencing the trial judge could not state new reasons for departure. Implicit in this ruling was our desire to preclude the possibility of a judge providing an after-the-fact justification for a previously imposed departure sentence. However, in the instant case, the judge simply sentenced Jones as an habitual offender. Neither the judge nor counsel made any reference to the sentencing guidelines, and the record contains no guidelines scoresheet. This was not a case where the judge relied upon a reason for departure that was later declared invalid but, rather, one in which the judge considered his sentence to be one to which the guidelines did not apply.
Id. at 206.
In the instant case, although the trial court wrote “habitual offender” in the space provided to explain a departure sentence, the sentencing transcript shows that the court thought the guidelines did not apply because it imposed a habitual offender sentence. Although the instant case differs from Jones in that scoresheets had been prepared in advance — since the court had yet to decide whether to declare Clary a habitual offender — the trial court ignored the scoresheets and the discrepancy between them. Thus, *110 the court -wrote “habitual offender” on the scoresheet to explain why the court was not using the guidelines. Like Jones, then, the instant ease is not one in which the judge relied on a reason later declared to be invalid, but is a case in which the judge did not provide departure reasons because he was under the impression that it was -unnecessary to do so. Accordingly, we quash the sentence because departure reasons were not timely provided, but on remand the court may enter a departure sentence based on written reasons. The court shall require the prosecutor to prepare a guidelines scoresheet and allow the defense attorney an opportunity to review it before sentencing.
CONVICTION AFFIRMED; SENTENCE QUASHED; REMANDED for re-sentencing.
COBB and W. SHARP, JJ., concur.