807 So.2d 88 (2001)
Herman Byron BUTLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-3599.
District Court of Appeal of Florida, Third District.
December 19, 2001.
Bennett H. Brummer, Public Defender, and Donna Rice Owens, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before COPE and GERSTEN, JJ., and NESBITT, Senior Judge.
*89 PER CURIAM.
This is an appeal of an order denying postconviction relief, after the trial court conducted an evidentiary hearing. We affirm in part and reverse in part.
The trial court found the testimony of the recanting witness and the witness' sister not to be credible. The question of whether recantation testimony is credible is a preliminary issue for the trial court. Armstrong v. State, 642 So.2d 730, 735 (Fla.1994). It was therefore permissible for the trial court to reject the request for a new trial based on newly discovered evidence.
Defendant-appellant Butler maintains that once the trial witness filed a recantation affidavit, the defendant was automatically entitled to a new trial. That is not the law. Id.
We affirm the trial court's rejection of the claims of ineffective assistance of trial counsel without discussion.
We do find merit, however, in a sentencing issue. The defendant was originally sentenced as a violent career criminal. The defendant's crime date falls within the period of time for which the violent career criminal statute was unconstitutional on account of a violation of the single subject rule. State v. Thompson, 750 So.2d 643 (Fla.2000). The trial court resentenced the defendant as a habitual violent felony offender ("HVFO").
The defendant's original sentence as a violent career criminal was for a life term with no mandatory minimum sentence. On resentencing as an HVFO, the trial court imposed a life term with a mandatory minimum sentence of fifteen years. We conclude that the addition of a fifteen-year mandatory minimum sentence amounted to an impermissible increase in the penalty. We reverse that part of the sentencing order which imposed the mandatory minimum term. Defendant need not be present for resentencing.
Affirmed in part, reversed in part, and remanded for correction of sentencing order.