867 So.2d 514 (2004)
Daniel MACHIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-3320.
District Court of Appeal of Florida, Third District.
February 25, 2004.
Bennett H. Brummer, Public Defender, and Carlos Gonzalez, Assistant Public Defender, for Appellant.
Charles J. Crist, Jr., Attorney General, and Steven R. Berger, Assistant Attorney General, for Appellee.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
COPE, J.
Daniel Machin appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The motion was denied after an evidentiary hearing.
Defendant-appellant Machin was convicted of sexual battery. By motion for postconviction relief, he maintained that his trial counsel had been ineffective for failing to present alibi witnesses at trial. The trial court heard testimony of trial counsel, the defendant, the defendant's wife, and Mr. Rodriguez, who was a neighbor and close friend of the defendant.
The defendant contended that he was with Mr. Rodriguez during the time period the sexual assault occurred. After hearing Mr. Rodriguez' testimony, the trial court ruled that Mr. Rodriguez was lying in an effort to assist his neighbor and close friend.[1] Given this credibility determination, it was appropriate to deny the postconviction motion insofar as it depended on *515 Mr. Rodriguez' testimony. See Butler v. State, 807 So.2d 88, 89 (Fla. 3d DCA 2001); Fica v. State, 549 So.2d 206 (Fla. 3d DCA 1989).
The defendant contended that his wife should have been called as an alibi witness. The court found the wife to be a credible witness. However, the court also concluded that the wife could only have testified about the time at which the defendant left for work on the day in question, and could not account for the defendant's whereabouts at the time of the sexual assault.
The court found that overall timetable presented by the defendant for his whereabouts at the time of the sexual assault was physically impossible given the distances, traffic, and weather conditions.
The trial court found that if alibi witnesses had been presented, they would have helped the prosecution by confirming that the defendant was very close to the site of the sexual assault at the time it occurred. The judge stated that if the alibi witnesses had been presented, "you would have put yourself within five blocks of the actual scene, at the time of the incident, and quite frankly driving past the bus stop where the victim claims she was attacked. This would not have affected the outcome of the trial. It probably would have resulted in a quicker verdict [of conviction]." R. 441. The court concluded that trial counsel had provided effective assistance, id., and as already stated, that there was no probability of a different outcome had the proposed alibi witnesses been presented. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The defendant argues that reversal is required under Light v. State, 796 So.2d 610 (Fla. 2d DCA 2001), but that case is very different from this one. In that postconviction case, the critical question was whether the defendant had pointed a gun at a police officer. At the postconviction evidentiary hearing, three witnesses testified that they saw the encounter between the defendant and the police. One of the three testified that the defendant did not point a gun at the police officer. Id. at 615. There was also significant impeachment evidence in the police officer's personnel file which original trial counsel had failed to discover and use at the original trial. Id. The Light court concluded that the Strickland standard had been satisfied and that there must be a new trial. No such facts exist here.
In the present case the trial court concluded that the Strickland standard was not met, and that finding is supported by competent substantial evidence.
Affirmed.
NOTES
[1] The defendant was the godfather of Mr. Rodriguez' son.