PER CURIAM.
This is an appeal of an order denying the motion of defendant-appellant Balles- *1262 ter for postconviction relief under Florida Rule of Criminal Procedure 3.850. The proceeding below was an evidentiary hearing on remand from Ballester v. State, 781 So.2d 503 (Fla. 3d DCA 2001).
The trial court found that the defendant had shown good ground for relief from the time bar of Rule 3.850. See Demps v. State, 696 So.2d 1296 (Fla. 3d DCA 1997). The trial court denied the motion as being impermissibly successive and, alternatively, on the merits.
For simplicity we assume (without deciding) that there was no successiveness bar. On the merits, the trial court rejected the defendant’s claim that his trial counsel had been ineffective with respect to the issue of voluntary intoxication. We affirm because this ruling is supported by competent substantial evidence. See Machin v. State, 867 So.2d 514 (Fla. 3d DCA 2004). Further, the claim that trial counsel was ineffective for failing to advise the defendant of the potential consequences of future recidivism was correctly rejected on authority of Major v. State, 814 So.2d 424 (Fla.2002).
Affirmed.