SUAREZ, J.
The defendant appeals his conviction of second-degree murder and life sentence. We affirm.
The defendant contends he should receive a new trial because evidence that a witness was threatened before trial was improperly admitted, and because witnesses revealed that the defendant had already been convicted of the charged offenses in a previous trial. He argues that these errors cumulatively deprived him of a fair trial. The State asserts that no error occurred.
The defendant was tried in 2001 for first-degree murder, attempted robbery, and unlawful possession of a firearm while engaged in a criminal offense. He was convicted and sentenced to life imprisonment. This Court reversed and remanded for a new trial. The defendant was retried in the instant case in 2004.
The defendant admits he shot the victim, Donnell Holmes, but claims the shooting was accidental. The victim and Gad Baker drove to an apartment complex for Baker to discuss business with a woman. The victim was wearing gold jewelry. The victim asked the defendant, who was standing outside the complex, where they could find the woman who Baker was meeting. The defendant directed the victim to a second-floor apartment. While Baker and the woman conversed, Baker heard scuffling noises outside and noticed the victim was no longer standing nearby. He saw the victim, the defendant and co-defendant Anthony' Montgomery fighting in the apartment’s courtyard. The victim was beating up Montgomery. Montgomery tossed a gun to the defendant which he picked up and fired at the victim while scuffling with him. The victim fell and the defendant ran away. The victim died of a single gunshot wound to the heart. The jewelry was still on the victim’s body after the shooting.
Police located the defendant several months after the shooting in South Car *720 olina. The defendant told police that Montgomery decided to steal the victim’s jewelry and followed him into the complex. The defendant saw the victim and- Montgomery fighting, and the victim was winning. As the defendant approached, Montgomery threw a gun to him and asked whether the defendant “want[ed] some of this too.” The victim pushed the defendant and the defendant decided to shoot him. The victim fell and the defendant ran away. He threw the gun in a nearby field. The defendant changed his hairstyle and took a bus to South Carolina a few days later. Lamesha Parker, an eyewitness to the shooting, testified at trial that Montgomery tossed the gun to the defendant. The gun hit the ground. The defendant picked the gun up and shot the victim.
Lamesha Parker testified over defense objection that, she received several threats about testifying. At trial she testified that, at another court proceeding, the defendant looked at her and made a slashing motion across his throat. Without stating that the other court proceeding was the first trial on these charges, she noted that the jury must have seen the gesture also. She testified that on another occasion, a boy named David came to her house and told her that the Defendant .said for her not to go to court. Finally, prior to the retrial, she received a letter from her brother, Donnell Parker, telling her to tell the truth and not to lie about the defendant’s case. The letter also contained handwriting she did not recognize. Donnell identified this writing as defendant’s. He explained the defendant had not threatened her and he wrote to his sister on his own accord “cause I see [the defendant] with a life sentence.” The defense moved for a mistrial, arguing that Lamesha and Donnell both referred to the defendant’s previous conviction and life sentence for the charged offenses. The trial court instructed the jury to disregard Donnell’s reference to a life sentence and denied the defendant’s motion for mistrial.
The jury found the defendant guilty of the lesser offense of second-degree murder and was unable to reach a verdict on the robbery charge. The trial court imposed a life sentence. The defendant seeks a new trial.
Defendant first contends he is entitled to a new trial because the trial court erred in allowing Lamesha Parker’s testimony as to the threat relayed by David, a third party. Evidence of threats of a witness is admissible under two circumstances. First, it is admissible where the defendant personally made the threat, as evidence of the defendant’s guilt. Second, it is admissible where the threat is made by a third party but the defendant is not implicated, if the witness’s credibility is in question. Lopez v. State, 716 So.2d 301, 307 (Fla. 3d DCA 1998). The trial court did not err in allowing Lamesha Parker’s testimony that the defendant personally threatened her at a previous court proceeding by looking at her and making a slashing motion across his throat. The trial court should not have allowed Parker’s testimony of the threat relayed by David as there was no evidence linking the defendant to that threat and Parker’s credibility had not been called into question. However, we find the trial court’s error in admitting that testimony to be harmless beyond a reasonable doubt in light of the extensive evidence against the defendant at trial and the admissible evidence of the direct threat made by the defendant.
The trial court did not err by denying the defendant’s motion for mistrial after witnesses referred to other court proceedings. Contrary to the defendant’s assertion, no witness explicitly revealed or *721 implied to the jury that the defendant had been previously tried, convicted, and sentenced on these charges in a previous trial. See Cook v. State, 632 So.2d 86, 87 (Fla. 3d DCA 1994) (generalized reference to an earlier trial not grounds for a new trial where it is not stated or fairly suggested that the trial resulted in a conviction). Two witnesses referred to other court proceedings and mentioned that the defendant was facing a life sentence. These remarks were spontaneous and did not suggest that he had been convicted.
Affirmed.