SHEPHERD, J.
Appellant, Jerry Charles, appeals the judgment and sentence imposed for attempted trafficking in cocaine, § 893.135(1)(b)1, Fla. Stat. (2007); § 777.04(1), Fla. Stat. (2007), and conspiracy to traffic in cocaine, § 893.135(5), Fla. *292 Stat. (2007); § 777.011, Fla. Stat. (2007).[1] We find no merit to Charles’ multiple challenges to his conviction. However, we reverse the increased sentence imposed on Charles at a sua sponte re-sentencing hearing, commenced by the trial judge on the ground the increased sentence violates the double jeopardy clause of article I, section 9, of the Florida Constitution. A brief recitation of the facts of the case is necessary to explain our decision.
On January 3, 2008, the trial judge orally pronounced a sentence on Charles of 110.55 months (9.2 years), including a three-year minimum mandatory term as required by statute, consistent with the lowest guidelines sentence appearing on the sentencing guidelines score sheet. See § 893.135(1)(b)1.a, Fla. Stat. (2007). However, the court wrote on the score sheet “[Defendant] found guilty at trial. Court sentences [Defendant] to lOy sp w/3y mm & $50,000 [mandatory] fine” (emphasis added).
Five days later, on January 8, 2008, the trial court sua sponte reconvened the sentencing hearing on the apparent belief he had misspoke. The court stated:
At one point I signed the paper that said 10 years in state prison. And at another point I read off of the guidelines 115[sic] something months, and I know the agreement was 10 years in state prison. So I have also made a defect in that regard.
So, I believe I need to bring Mr. Charles here and repronounce sentence.
The court then pronounced a sentence of ten years in state prison with a three-year minimum mandatory term, and also added the statutorily mandated fine to the sentence. In so doing, the trial court erred.
It appears from the transcript of the January 8th resentencing hearing, both defense counsel and the trial court believed the court was engaged in the performance of a ministerial act — the rectification of a “scribbler’s error” — when it re-pronounced the increased prison sentence and fine. The court was mistaken.
By “correcting” the January 3rd sentence, the trial court increased the original sentence from 9.2 years to ten years, and imposed a fine. Case law is clear that a fine is as much a part of a sentence as is incarceration. See Morganti v. State, 573 So.2d 820, 821 (Fla.1991) (stating that a lawful sentence can include several penalties, such as incarceration, probation, and a fine); Jones v. State, 590 So.2d 1061, 1062 (Fla. 4th DCA 1991) (stating that restitution is a part of a sentence). “Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles.” Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003). Although the rule may seem to reduce sentencing to “a game in which a wrong move by a judge [can] mean[ ] immunity for the prisoner,” id. at 1269 (Pariente, J., concurring) (quoting United States v. DiFrancesco, 449 U.S. 117, 135, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)), our high court has so ruled, expressly admonishing the State, in these circumstances, to pay “close attention to ensure that the oral pronouncement contains no ‘misstatements.’” Ashley, 850 So.2d at 1270 (Pariente, J., concurring).
Finally, we note the rule applies even if, as here, the original sentence was illegal or otherwise erroneous. See Gardner v. State, 30 So.3d 629, 632 (Fla. 2d DCA 2010) (“Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased *293 without running afoul of double jeopardy principles. This is true even if the original sentence was illegal or otherwise erroneous and the correction conforms to applicable law or to the court’s and parties’ intentions at sentencing.”) (internal citation omitted); Figueroa v. State, 3 So.3d 428, 429 (Fla. 2d DCA 2009) (reversing a minimum mandatory sentence imposed during a proceeding held one day after the initial sentencing); Shepard v. State, 940 So.2d 545, 548 (Fla. 5th DCA 2006) (reversing a sentence imposed after the defendant was called back fifty minutes after the proceeding had ended).
For these reasons, we reverse the sentence and direct the trial court to reinstate the 110.55-month prison sentence, with a three-year minimum mandatory, and credit for time served. The trial court may not now impose a fine. The defendant need not be present for re-sentencing. See Butler v. State, 807 So.2d 88, 89 (Fla. 3d DCA 2001); Morales v. State, 795 So.2d 231 (Fla. 3d DCA 2001).
Affirmed in part, reversed in part, and case remanded with directions.

. The crime date was March 14, 2007.