STATEMENT
The order of the Railroad Commissioners which is here sought to be reviewed by certiorari granted to the Union Bus Company a certificate of public convenience and necessity authorizing additional motor bus service on a night schedule between Jacksonville and Marianna to connect with through bus service already being furnished by Teche Transfer Company from Marianna to Pensacola and thence to Mobile and New Orleans, and to constitute through service between Jacksonville and New Orleans. It appears from the allegations of the petition and the transcript of the evidence submitted as an exhibit thereto that this motor bus service was over a route exactly paralleling the lines of the Seaboard Air Line Railway Company from Jacksonville to River Junction and the Louisville 
Nashville Railroad Company from River Junction to Pensacola and west to New Orleans and serving the same stations between Jacksonville and Pensacola. That the bus service between Jacksonville and Pensacola is over State Road No. 1, which parallels the line of railroad of the Seaboard from Jacksonville to River Junction and of the Louisville 
Nashville from River Junction to Pensacola; the said lines of railroad together and said State Road touching and serving the same cities and communities between those points. That the rates and schedules for the transportation of persons between said points and places had been duly filed with, and approved by, the Railroad Commissioners.
It further appears from the petition for the writ that the particular action of the commission which is sought to be reviewed was based upon an additional application made by the Union Bus Line for authority to operate night service *Page 1032 
between Jacksonville and Marianna, leaving Jacksonville at 8:45 P. M., arriving at Tallahassee at 2:45 A. M., Marianna at 4:45 A. M. and connecting at the latter place with the bus for Pensacola arriving at 9:45 A. M.; and returning, leaving Marianna at 10:00 P. M., arriving in Tallahassee at 1:30 A. M. and Jacksonville at 7:45 A. M. That the Railroad Commission had given notice to each of the petitioners that on November 6, 1929, they would hear the application of said Union Bus Company for certificate of convenience and necessity to operate said service pursuant to the provision of Chapter 13700, Acts of 1929. That said application was not made by the appellant nor was it treated by the Railroad Commission as a matter of right, but was made, treated, heard and decided as an initiatory service not authorized as a matter of right but to be based solely upon public convenience and necessity. That petitioner appeared at said hearing and at the close thereof objected to said application on the grounds that the applicant had failed to show, as prescribed in the last paragraph of Chapter 3 of the Act aforesaid, that the carriers serving the territory in question had failed to provide service and facilities to the satisfaction of the Commissioners, and that on the contrary the evidence showed that the carriers serving the territory sought to be served by the applicant had been furnishing and providing all necessary service and facilities to meet the reasonable requirements of the public.
The petition further alleged that petitioners contended at such hearing and represent to this Court that the granting of the certificate for the said night service sought to be authorized, would seriously result in a depletion of the revenue of petitioners now serving the territory in question and would result in substantial injury to each of the petitioners severally. That petitioners attached a certified copy of the testimony taken at said hearing as an exhibit *Page 1033 
thereto. That notwithstanding the objections of the petitioners and the evidence submitted in their behalf, the Railroad Commission had on December 19, 1929, entered an order granting to the applicant a certificate of convenience and necessity to operate said night service over said route, a copy of which order was attached as Exhibit No. 4 to the petition. The petition alleges that the order of the Commission was illegal upon various grounds alleged and prayed the issuance of the writ of certiorari.
The writ was issued by this Court and the Railroad Commissioners and the Union Bus Line moved the Court to quash the writ upon the following grounds:
 "I. It appears upon the face of the petition that the Railroad Commissioners of the State of Florida had jurisdiction of the matters complained of in said petition and were exercising lawful authority conferred upon them by Chapter 13700, Laws of Florida 1929, when they issued a Certificate of Convenience and Necessity to the said Union Bus Line.
 "II. The Railroad Commission in carrying out its duties and powers under Chapter 13700, Laws of Florida 1929, perform a legislative, discretionary or administrative function rather than a judicial power or function and certiorari does not lie to review its actions.
 "III. Chapter 13700, Acts of 1929 Laws of Florida, is an Act providing for the supervision of 'Auto Transportation Companies,' and providing for the supervision and regulation thereof by the Railroad Commission of the State of Florida; rail carriers are not mentioned in either the title or body of said Act, and no rights are conferred upon rail carriers by the provisions of said Act. *Page 1034 
 "IV. The orders of the Railroad Commissioners are deemed and held to be within their jurisdiction and power and to be reasonable and just unless the contrary plainly appears on the face thereof or be made to appear by clear and satisfactory evidence, and it does not appear upon the face of the petition that the Railroad Commissioners acted illegally in awarding said Certificate.
 "V. Under the terms of Chapter 13700, Laws of Florida 1929, the Railroad Commissioners of the State of Florida are not required to take into consideration the effect the granting of a Certificate to an Auto Transportation Company would have upon transportation by rail carriers, and the Louisville Nashville Railroad Company and Seaboard Air Line Railway Company are improper parties in this proceeding and are not entitled to a Writ of Certiorari.
 "VI. The order of the Railroad Commission in this cause granting a Certificate of Convenience and Necessity to the said Union Bus Line was made after taking the sworn evidence of all persons offered in said cause, and the petitioners seek to have this Court substitute its judgment for the judgment of the Railroad Commission of the State of Florida upon the same facts of record.
 "VII. It appears on the face of the petition that the points and places between Tallahassee and Marianna sought to be served by the applicant were not receiving service from any other Auto Transportation Company, and no other Auto Transportation Company was qualified or authorized to perform any service between these points.
 "VIII. The petition shows on its face that this Court has no jurisdiction in the cause set up therein." *Page 1035