This cause coming on to be heard upon the motion of the respondents to quash the writ of certiorari heretofore issued by this court, it appears that the controlling question involved is whether or not there was substantial competent evidence on the hearing before the respondent, Railroad Commissioners, to support their finding that public convenience and necessity authorized the granting of the certificate to the Union Bus Company, permitting and directing the inauguration and maintenance of a night bus service for intrastate as well as interstate transportation, between Jacksonville and Marianna on a schedule practically the same as that maintained by the objecting rail carriers and serving practically the same points.
Previously to the granting of this order by the railroad *Page 604 
commission, a similar order had been quashed by this court in certiorari proceedings, it appearing from the record in that case that the Railroad Commissioners were of the opinion that, under the statute, they could not take into consideration the transportation service which was being rendered by the railroad carriers, and that in arriving at their findings they did not give due consideration to such existing railroad service, over the route and between the termini designated in such previous application. Seaboard Air Line Railway Company v. Wells,100 Fla. 1027, 130 So. 587.
After the decision of this court quashing the order above mentioned, the Union Bus Line filed a reapplication to operate a night schedule as between Jacksonville and Marianna, being practically the same schedule as before. After hearing, in November, 1930, the Railroad Commissioners by their order found that the latter application should be granted, and so ordered. Subsequently, the petitioners applied for this writ of certiorari to review the action of the commission, which writ was granted, and the respondent Commissioners filed a motion to quash the same upon several grounds.
It appears to be conceded by the petitioners that the Railroad Commission could not have done otherwise than grant the application insofar as the interstate business of the Bus Line was concerned, (Buck v. Kuykendall, 257 U.S. 307,69 L. ed. 623; Clark v. Poor, 274 U.S. 554, 71 L. ed. 1199), but the contention is that the Railroad Commission was not justified in granting said application insofar as the same applied to intrastate or local service.
The record in this case, and the opinion and judgment of the railroad commission, show that the Commission did on this hearing consider the existing railroad service and the effect of the granting of the certificate upon the *Page 605 
railroad transportation facilities within the territory sought to be served by such applicant. The opinion rendered by the Railroad Commissioners in connection with their order goes into this matter quite fully, and shows that they gave careful consideration to the factors above mentioned, and after a discussion and analysis of the facts shown by the evidence, some of which were not before them on the former hearing, reached the conclusion that the applicant had made a sufficient showing of public convenience and necessity to authorize the granting of the certificate as to the intrastate as well as the interstate business. The power and jurisdiction to decide this question was vested in the Railroad Commission by statute, and we cannot say that there was not substantial and competent evidence in the record on this second hearing to support this finding. Even though this court might have reached a different conclusion on the same evidence, this alone would not justify the court in substituting its judgment for that of the Commission.
While the findings and conclusions of the Railroad Commissioners in matters of this kind may be reviewed on certiorari, such review is not appellate in its nature to determine whether mere error was committed, as where writ of error or appeal is authorized by law.
In Florida Motor Lines v. State Railroad Commissioners,132 So. 851, 101 Fla. 1018, this court, speaking through MR. JUSTICE WHITFIELD, said:
 "The review on certiorari is to determine whether the order as made is illegal as matter of law or was made without observing the provisions of law regulating the matters to be considered or the procedure for such findings and conclusions, or whether in its operation the order will violate organic or fundamental rights, or is merely arbitrary and without sufficient support in the evidence or proceedings had. If there is substantial competent evidence that is legally sufficient to support the findings and conclusions, and *Page 606 
no rule of law was violated in the proceedings, and the whole record does not show an abuse of authority or arbitrary action, the findings and conclusions of the commission will not be set aside on certiorari even though the reviewing court might have reached different conclusions on the evidence. (Citing numerous authorities).
Applying these principles to the questions presented by this case, our conclusion is that the motion to quash the writ of certiorari should be granted, and it is so ordered.
Motion to quash writ of certiorari quashed.
BUFORD, C. J., AND WHITFIELD AND TERRELL, J.J., concur.
ELLIS, J., concurs in the conclusion.
DAVIS, J., not participating.