CENTRAL TRUCK LINES, INC., .v. RAILROAD COMMISSION OF THE STATE and L. R. POWELL, JR., and HENRY W. ANDERSON, as Receivers of Seaboard Air Line Railway Company.

182 So. 783.

Division A.

Opinion Filed February 9, 1938.

On Rehearing June 10, 1938.

*A. Pickens Coles,* for Petitioner;

*Theo. T. Turnbull, Wm. P. Simmons, Jr., W. J. Oven* and *W. J. Oven, Jr.,* for Respondents.

TERRELL, J.—On March 15, 1937, Respondents as receivers of the Seaboard Air Line Railway Company, ap-

plied to the Railroad Commission for a certificate of Public Convenience and necessity to operate by motor vehicle between stations only, a daily freight and express service as a substitute for their rail service from Jacksonville to Live Oak, Florida, over State Road Number 1, U. S. Highway Number 90. At the time said application was made, there was pending before the Legislature, then in session, a bill the purpose of which was to grant a certificate of Public Convenience and necessity to railroad companies as a matter of right without making application and proof thereof.

When the application by the receivers was filed, a hearing was set for April 20, 1937, but this was continued pending the disposition of the proposed legislative Act which was passed and approved June 4, 1937, and became Chapter 18027, Acts of 1937. Thereupon, respondents filed and moved for the approval of an amended application pursuant to said Act for authority to operate motor vehicles in the transportation of freight, express, and United States mail in intrastate commerce between Jacksonville and Live Oak over State Road Number 1, U. S. Highway Number 90.

The amended application was substituted for the original one and was granted by order 1025. On August 13, 1937, Petitioner, Central Truck Lines, Inc., moved the Railroad Commission to be permitted to intervene for the purpose of moving to vacate order 1025. The motion to intervene was granted but the motion to vacate and set aside said order was denied. Thereupon Central Truck Lines, Inc., filed its petition for certiorari in this Court praying that Order 1025 be reviewed, adjudicated to be void and quashed.

As a predicate for this contention, Petitioner says that Chapter 18027, Acts of 1937, is violative of Section 1, Bill of Rights, Constitution of Florida, and the due process and

equal protection clause of the Fourteenth Amendment to the Constitution of the United States and being so, said Order having been made pursuant to said Act is void and should be quashed.

The basis of the alleged invalidity of Chapter 18027, Acts of 1937, is that it authorizes the Railroad Commission to issue a certificate of public convenience and necessity to railroad companies permitting them to conduct motor transportation over highway routes nearest their rail lines as a matter of right, without proof of public convenience and necessity therefor without notice or hearing and without considering the effect of such operation on transportation facilities then in operation in the territory.

It is said that the very purpose of Chapter 14764, Acts of 1931, which Chapter 18027, Acts of 1937, purports to amend was to vest power in the Railroad Commission to regulate motor transportation in the interest of the public, that it should grant certificates of public convenience and necessity only to reliable and responsible transportation companies after notice and hearing, to secure adequate service for the public, to prevent ruinous competition, to protect the public highway and to impose reasonable terms and conditions as to methods of operation. That Chapter 18027, Acts of 1937, in granting certificates of public convenience and necessity to railroad companies as a matter of right not only destroys this system but constitutes an unreasonable classification of common carriers which violates the limitations on the law making power contained in both the Constitution of the State of Florida and the Fourteenth Amendment to the Constitution of the United States.

Chapter 13700, Acts of 1929, as amended by Chapter 14764, Acts of 1931, was the first attempt of the Legislature of this State to regulate the transportation of goods by motor vehicle over the public highways. We have read

Seaboard Air Line Ry. Co. v. Wells, *et al.,* 100 Fla. 1027, 130 So. 587, and the cases relied on by petitioner, including Smith v. Cahoon, 283 U. S. 553, 51 Sup. Ct. 582, 75 L. Ed. 1264, wherein Chapter 13700 was held invalid, but we find nothing in any of these Acts or decisions that could be construed as defining anything more than public policy to be pursued by the State in dealing with the subject matter of motor transportation over the public roads, a matter which the Legislature is fully authorized to limit, regulate, or prohibit as it sees fit. No inherent right or constitutional inhibition whatever is shown to be involved.

It will thus be seen that Chapter 18027, Acts of 1937, does not purport to amend anything more than Section 27, Chapter 14764, Acts of 1931, and as to this, the gist of the complaint is that it extends to railroad companies the privilege of securing from the railroad commission a certificate of public convenience and necessity to carry freight, express, or mail over the public highways as a matter of right without notice of public hearing or proof of necessity therefor.

If the Act stopped with the mere grant of the power complained of there might be substance to the objection voiced but the limitations imposed on the grant save it from said objection. In the first place, the Act is limited to railroads in operation and to the points and places served by them by the most practicable route from station to station. No territory served by other rail or motor lines is permitted to be invaded.

The railroad company making the application for the certificate is required to attach thereto a schedule upon which it proposes to operate its trucks and this schedule can not be departed from without the permission of the railroad commission. No rate or classification in effect at the time the application for theh certificate is made shall

be lowered beneath that of any competing truck line over the route sought to be served without the permission of the railroad commission; neither shall the rate charged by truck be lower than that charged by rail.

In fine, when the limitations under which the certificate is granted are taken into consideration, the Act does nothing more than enable the railroad company to supplement its freight and express service with a more economic and expeditious truck service, that is to say to coordinate its rail and truck service as to freight and express handled by rail. It is not a case in which a new carrier is attempting to enter a field already served.

Being so restricted in its operation and effect, the certificate complained of has the effect of and nothing more than placing the railroad companies on an equal footing with the truck companies, a right that they are by all odds entitled to. In this we see no discrimination or denial of equal protection.

The writ of certiorari is accordingly denied and the petition therefor dismissed.

It is so ordered.

ELLIS, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

BUFORD, J., dissents.

## AN ORDER ON REHEARING.

PER CURIAM.—Petition for rehearing in this cause was granted and the questions raised were reargued. The matter has been fully considered on re-examination but we find no reason to recede from or modify the view expressed in our opinion filed on February 9, 1938. It is accordingly reaffirmed and adhered to on rehearing.

It is so ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.

BUFORD, J., dissents.