PER CURIAM.
The appellant, James Theodore Roberts, was found guilty of grand larceny and carrying a concealed weapon at the conclusion of his first trial. Later, he was found guilty of burglary in a separate trial. The trial court then sentenced Roberts, based upon prior convictions, to an enhanced sentence on the burglary and grand larceny charges pursuant to the Florida Habitual Felony Offender Act, Section 775.084, Florida Statutes (1975). The judgment and sentence in each case have been appealed and the appeals consolidated for consideration in this court.
*539 The main thrust of these appeals is that the trial judge erred in sentencing Roberts as an “habitual felony offender” under Section 775.084, Florida Statutes (1975). It is argued that the trial judge, because he initiated the proceedings, was prima facie prejudiced against the appellant. This argument simply does not follow because a trial judge has an obligation to see that the proper sentence is imposed. See, e. g., § 775.084(4)(a), Fla.Stat. (1975).
It is also urged that the procedure employed in proving the identity of Roberts was improper. While we do not approve of this procedure, we find that the appellant has failed to show any illegality or prejudice from the use of such a procedure, which was employed merely to prove his identity as the person previously convicted. See Anderson v. State, 297 So.2d 871, 874 (Fla. 2d DCA 1974).
We have examined the appellant’s points directed to the admission of certain evidence and the failure to grant a judgment of acquittal at the close of all the evidence on the charge of grand larceny, and we find that neither point presents error on this record. The appellant’s point directed to the failure of the court to discharge him under Florida Rule of Criminal Procedure 3.191 is not well taken because both the State and the defendant obtained continuances, and inasmuch as the date of the State’s last continuance was ninety days prior to the trial in this case, no error is shown in the denial of the motion.
The appellant’s contention that he was entitled to a directed verdict on the grand larceny charge is not sustained by the record in that the explanation given of the circumstantial evidence is not a reasonable explanation. Note the principle of law in Brannen v. State, 94 Fla. 656, 114 So. 429, 430-431 (1927).
Two other points presented have been examined and found not to present error.
Affirmed.