PER CURIAM.
Certiorari denied. City of Miami and Santa Maria Development Group v. Save Brickell Avenue, Inc., 426 So.2d 1100 (Fla. 3d DCA) (1983).[1]

. Unexpressed in the cited opinion was the fact that the ordinance we held unconstitutional contained its own definitions to be applied when construing the words therein. These definitions gave a permissive construction to the word “may,” a point which we deem controlling. Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla.1957); Greenleaf & Crosby Co. v. Coleman, 117 Fla. 723, 158 So. 421 (1934). For this same reason, Seaboard Air Line Railway Co. v. Wells, 100 Fla. 1027, 130 So. 587, 593 (1930) (“[Wjhere a statute says a thing ‘may’ be done by a public official which is for the public benefit, it is to be construed that it must be done.”) is inapposite.