PARKER, Acting Chief Judge.
The State of Florida appeals Davis’s sentence of ten years’ probation which the trial court imposed after finding Davis to be a habitual felony offender. The state maintains that the trial court erred in imposing a sentence which is effectively a downward departure from the recommended sentencing guidelines range of three and one-half to four arid one-half years in state prison. The state argues that imposition of the sentence is in derogation of the purpose of the habitual offender statute which is to provide for enhanced penalties for habitual offenders.
We must dismiss this appeal for lack of jurisdiction. The state’s right to appeal is very limited. Florida Rule of Appellate Procedure 9.140 provides:
(1) Appeals Permitted. The State may appeal an order:
(A)'Dismissing an indictment or information or any count thereof;
(B) Suppressing before trial confessions, admissions or evidence obtained by search and seizure;
(C) Granting a new trial;
*1280 (D) Arresting judgment;
(E) Discharging a defendant pursuant to Fla.R.Crim.P. 3.191;
(F) Discharging a prisoner on habeas corpus;
(G) Adjudicating a defendant incompetent or insane;
(H) Ruling on a question of law when a convicted defendant appeals his judgment of conviction; and may appeal
(I) An illegal sentence;
(J) A sentence imposed outside the range recommended by the guidelines authorized by Section 921.001, Florida Statutes (1983), and Florida Rule of Criminal Procedure 3.701.
Fla.R.App.P. 9.140(c)(1). Only the last two circumstances pertain to sentencing. The ten years’ probation is not an illegal sentence. The trial judge tried and found Davis guilty of a third-degree felony. The habitual felony offender statute provides that the court shall sentence the defendant guilty of a third-degree felony to a term of years not exceeding ten. § 775.084(4)(a)3, Fla.Stat. (Supp.1988). Also the last circumstance, a sentence imposed outside the recommended sentencing guidelines range, is inapplicable because a sentence imposed under the habitual offender statute is not subject to the sentencing guidelines. See § 775.084(4)(e), Fla.Stat. (Supp.1988). Accordingly, the state has no right to appeal Davis’s sentence.
Although we agree with the state that the legislature never intended for a habitual felony offender to receive a,less severe sentence than if the defendant had been sentenced under the guidelines,* the rules do not permit the state to appeal the sentence of a habitual felony offender as long as the sentence is legal.
Appeal dismissed.
PATTERSON and ALTENBERND, JJ., concur.

 The legislative intent of providing for enhanced penalties for habitual offenders is clear. See Ch. 88-131, §§ 3, 5, Laws of Fla. See also Eutsey v. State, 383 So.2d 219, 223 (Fla.1980).