PER CURIAM.
Dewayne Helton appeals the summary denial of his motion to correct his sentences filed pursuant to Florida Rule of Criminal Procedure 3.800. Only one allegation has merit: his sentence for throwing a deadly missile into a dwelling is illegal.
Helton pled no contest to throwing a deadly missile into a dwelling, a second degree felony, and to burglary, a first degree felony punishable by life. After accepting the plea, the court sentenced him to twenty-two years in prison on each charge to run concurrently. Helton’s point total allowed twenty-two years in prison, which was the top of the permissive guidelines range.
Helton pled in exchange for the state’s agreement not to seek enhancement of the sentences pursuant to the habitual offender statute, section 775.084, Florida Statutes (1989). Enhancement of the sentence on the deadly missile charge would have resulted in a thirty-year prison term. § 775.-084(4)(a)2, Fla.Stat. (1989). Without enhancement, the statutory maximum for a second degree felony is fifteen years. §§ 775.082(3)(c), 790.19, Fla.Stat. (1989). Thus, even though he received less than thirty years on the deadly missile charge, the sentence of twenty-two years on that charge exceeds the statutory fifteen-year maximum. The fact that he pled to avoid receiving thirty years on the sentence for the deadly missile charge, is immaterial. See Williams v. State, 500 So.2d 501 (Fla. 1986); Griner v. State, 524 So.2d 487 (Fla. 2d DCA 1988).
Accordingly, we reverse the lower court’s order and remand for further proceedings, noting that neither the transcript attached to the order nor the written sentences refute Helton’s allegation. On remand, the sentence on the deadly missile charge should be corrected to reflect a prison term of fifteen rather than twenty-two years. The sentence on the burglary charge is legal and therefore affirmed.
Reversed and remanded.
DANAHY, A.C.J., and PARKER and PATTERSON, JJ., concur.