LEHAN, Judge,
concurring.
I agree that defendant’s habitual offender sentence must be reversed on the foregoing basis. I write separately to call attention to and address other issues which are difficult and are inherently involved in the type of sentence imposed in this case and in numerous other cases.
The defendant appeals from a prison sentence of ten years imposed upon him upon the revocation of his community control. An important issue is whether the trial court properly placed defendant on community control after declaring him a habitual offender under section 775.084, Florida Statutes (1989). I would find that the placement of defendant on community control in the context of a sentence imposed pursuant to section 775.084 is illegal for the reasons explained below. In so finding I would recede from this court’s prior decision to the contrary in State v. Davis, 559 So.2d 1279 (Fla. 2d DCA 1990). Nonetheless, as also explained below, I would reverse this particular case only on the basis employed by the majority opinion.
I.
Defendant was charged by information with burglary of a conveyance (count I) and petit theft (count II), on the basis of his alleged theft of a CB radio from an automobile on November 2, 1989. According to the record on appeal, shortly after the information was filed, the trial court sua sponte filed in the court record a “subsequent felony notice” that made reference to section 775.084. Nothing on the face of the notice, such as a certificate of service, indicates that a copy was sent to defendant or his trial counsel.
On December 27, 1989, defendant pleaded guilty to both charges. His written plea does not include a negotiated plea agreement and the record does not contain a transcribed plea colloquy. There is nothing in the record to indicate that the predicate offenses for a habitual offender sentence were established at sentencing or that any findings were made at that time. The defendant’s scoresheet does indicate that he had a prior record including one second-degree felony and two third-degree felonies. The defendant was not under legal constraint. Under the guidelines, the defendant’s recommended sentence was community control or up to thirty months’ incarceration. Under the permitted range, he could receive a guidelines sentence of three years’ incarceration.
At the sentencing on December 27, 1989, the defendant was adjudicated guilty. For count II, a misdemeanor, he received time served. For count I, the trial court entered an order sentencing him to two years’ community control. However, the court indicated on both the judgment and sentence that defendant was being sentenced as a habitual offender. This sentence was not appealed.
In March 1990, the state filed an affidavit alleging that defendant had violated his community control. The affidavit alleged that on two occasions, both taking place on the same day, defendant had “failed to remain confined to his approved residence.”
On April 10, 1990, defendant pleaded guilty to the violations. The trial court noted that the defendant had been previously placed on community control by another trial court and that the defendant had violated his. community control. As a result, the trial court deferred sentencing and requested an updated report from the probation officer. No such report is in this record.
On April 24, 1990, the trial court sentenced the defendant to ten years’ incarceration pursuant to the habitual offender statute and directed the state to obtain certified copies of defendant’s prior convictions. The trial court stated that the defendant had a “horrible record” but did not make any new findings to support a habit *1072 ual offender sentence. It seems clear that the trial court was relying upon the earlier habitual offender adjudication. The defendant appeals this sentence.
II.
Defendant argues that the trial court erred in sentencing him as a habitual offender because (1) the court failed to follow the procedural safeguards of section 775.-084 concerning findings to be made at a separate proceeding, and (2) under Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989), review dismissed, 560 So.2d 285 (Fla.1990), it is improper for a trial court to impose a sentence pursuant to the habitual offender statute upon revocation of community control. Defendant maintains that the maximum sentence he can now receive is a one-cell bump under Lambert v. State, 545 So.2d 838 (Fla.1989), resulting in a permitted sentence of four and one-half years’ incarceration.[1]
III.
Before addressing defendant’s arguments, it should be noted that the trial court’s “subsequent felony notice” appears to be facially insufficient. Section 775.-084(3)(b) provides, “Written notice shall be served on the defendant and his attor-ney_” (Emphasis added.) It appears that the notice was merely filed in the court record. Nothing on the face of the notice, such as a certificate of service, reflects that an advance copy ever went to defendant or his attorney in compliance with subsection (3)(b). However, the defendant did not raise this issue below, nor does he urge error in this regard on appeal. Without a transcript of the plea colloquy from the first sentencing hearing, it cannot be determined whether the defendant received a copy of the trial court’s notice.
In addition to this procedural problem, the wisdom and propriety of the notice issuing from the trial court is also questionable. The far better practice would be for such a notice to originate from the state.[2] However, section 775.084(3)(b) is silent as to who is entitled to issue the notice. Also, Roberts v. State, 371 So.2d 538 (Fla. 3d DCA 1979), held that a trial judge could properly issue the notice. In the absence of express legislative intent to the contrary, I would not conflict with Roberts in a case where that issue has not been raised below or in this court.
IV.
Before considering the propriety of the defendant’s resentencing, it is necessary to address the propriety of defendant’s original sentence of community control which was purportedly imposed under the habitual offender statute. I would conclude that this original sentence was illegal. However, as will also be explained, this conclusion by itself does not require reversal in this case.
*1073 With regard to defendant’s original sentence of community control, in Davis this court held that the state may not appeal a probationary sentence imposed upon a defendant found to be a habitual felony offender because such sanction was neither illegal nor subject to the guidelines. 559 So.2d at 1280. I would recede from Davis and hold that it is illegal to place on probation or community control a defendant who has been declared a habitual felony offender in accordance with the procedure set forth in section 775.084(3).
Section 775.084(4) requires the trial court to sentence a habitual felony offender to “a term of years not exceeding_” (Emphasis added.) Construing this language in conjunction with the express legislative intent for sentencing defendants declared to be habitual felony offenders, it becomes evident that the legislature intended enhanced penalties, and not leniency, such as community control or probation. Section 775.0841, Florida Statutes (1989), states the legislative intent to incarcerate habitual offenders “for extended terms.” (Emphasis added). Section 775.0843(2)(d) also provides “[a]ll reasonable prosecutorial efforts shall be made to persuade the court to impose the most severe sanction authorized upon a person convicted after prosecution as a career criminal.” (Emphasis added.) The granting of community control or probation, the purposes of which are to rehabilitate, for a habitual felony offender is squarely in derogation with the stated legislative goal of enhanced punishment by extended terms of imprisonment.
In Donald v. State, 562 So.2d 792, 795 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla.1991), the First District explained:
Once the court decides ... to sentence a defendant as an habitual felony offender or habitual violent felony offender, then the court is required to impose sentence in conformity with sections 775.084(4)(a) or 775.084(4)(b).
This court, following Donald, similarly indicated in State v. Allen, 573 So.2d 170, 171 (Fla. 2d DCA 1991), that the sentencing alternatives of the habitual offender statute are mandatory, rather than permissive:
Under section 775.084, as amended in 1988, once the court determines that a defendant has met the criteria as set forth in section 775.084(l)(a) and is a habitual offender, it must sentence the defendant to such sentence as has been designated by the legislature in section 775.084(4)(a) 1, 2, or 3. See Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990). In the instant case, Allen’s sentence is for a felony of the first-degree, therefore, according to subsection (4)(a) 1, he must be sentenced to life if he is sentenced as a habitual offender.
See also State v. Fannin, 578 So.2d 471 (Fla. 1st DCA 1991). Contra Henry v. State, 581 So.2d 928 (Fla. 3d DCA 1991). Under Allen and Donald, I conclude that if the court is required to impose a life sentence under section 775.084(4)(a)l and (4)(b)l for first-degree felonies, then it must also impose incarceration for a term of years under section 775.084(4)(a) 2-3 and (4)(b) 2-3 for second- and third-degree felonies. Cf. State v. Leatherwood, 561 So.2d 459 (Fla. 2d DCA 1990) (illegal for trial court to place on probation defendant who has been convicted of offense that requires minimum mandatory sentence).
The sentencing method followed in this case does not appear to have been followed prior to the supreme court’s decision in Lambert. It may well be that many trial judges regret their inability to depart more than one cell on a violation of probation under the guidelines. It may well be that the 'sentencing structure needs to be refined to permit more flexible options for trial judges when a defendant violates probation or community control. Nevertheless, I conclude that a mixture of habitual offender status plus community control is not a path around Lambert. Thus, I would hold that it is illegal to impose community control or probation in the case of a defendant who has been declared properly to be a habitual felony offender.[3]
*1074 V.
With regard to defendant’s sentence upon revocation of his community control, consistent with Scott v. State, 550 So.2d 111 (Fla. 4th DCA 1989), review dismissed, 560 So.2d 235 (Fla.1990), I agree with defendant’s argument that it was improper for the trial court to impose an extended term pursuant to the habitual offender statute. It does not appear that the legislature ever intended for a defendant on community control to be subject to an extended term of imprisonment like that appropriate for habitual offenders should that community control fail. As Scott explained,
We doubt that the legislature ever intended that a person could be placed on probation and then, years later, if the probation failed, be subjected to the provisions of the habitual offender statute. In fact, the findings required to order probation are precisely opposite to the findings required to invoke the habitual offender statute.
550 So.2d at 111-12. Scott held that under Lambert, the trial court would only be permitted upon revocation of probation to impose the original guidelines sentence plus the one-cell bump. The thrust of Scott, with which I agree, appears to be that like oil and water, probation and habit-ualization simply do not mix. Similarly, community control and habitualization should not mix.
Scott involved a sentencing in which the habitual offender status was first imposed at the resentencing upon violation of community control. I do not conclude that the result should be different in a case like this in which the habitual offender status is-determined at the initial hearing. I recognize that the supreme court in Williams v. State, 581 So.2d 144 (Fla.1991), subsequently clarified Lambert to permit an upward departure upon revocation where the reasons for the upward departure were present at the time the original probation was imposed. Williams relied on section 948.06(1), which provides that upon revocation, the trial court may impose any sentence it might have originally imposed.
However, I conclude that the logic of Williams should not be extended to undermine Scott by permitting an extended sentence upon revocation. Williams was expressly concerned upon revocation only with the propriety of an upward departure within the statutory maximum absent ha-bitualization, not with an extended sentence beyond the statutory maximum as a result of habitualization, as was the case in Scott. Further, an interpretation of Williams to the contrary would conflict with Florida Rule of Criminal Procedure 3.701(d)(14), which states: “Sentences imposed after revocation of probation or community control must be in accordance with the guidelines.” (Emphasis added.) Rule 3.701(d)(14) appears controlling because community control itself is subject to the guidelines and is not otherwise within the purview of section 775.084. Also, as the First District in Donald observed,
While it is true that a sentence imposed under section 775.084 is not subject to the sentencing guidelines, section 775.-084(4)(e), it is our view that only a sentence imposed in accordance with section 775.084(4)(a) or (b) is exempt from the guidelines.
562 So.2d at 795.
VI.
Having expressed the view that the initial placement of defendant on community control was illegal and that his extended term of imprisonment upon revocation was improper, I now explain why neither action by the trial court provided a basis for reversal in this case.
Upon revocation of probation, a trial court may sentence a defendant to any term that it could have originally imposed, regardless of whether the second sentence exceeds that of the first, without violating double jeopardy. State v. Payne, 404 So.2d 1055, 1057-58 (Fla.1981); § 948.01(3), Fla.Stat. (1989). Further, as the First District also stated in Donald:
*1075 [I]f an illegal sentence has been imposed, there is no constitutional impediment to sentencing a defendant to a greater sentence upon resentencing, as long as judicial vindictiveness plays no part in the resentencing_ [T]he unlawful sentence is of no legal effect, allowing the court to correct the sentence by imposing the lawful term at any time the illegality is discovered, regardless of whether the correction involves an increase.
562 So.2d at 794 (citations omitted). Finally, where an order placing a defendant on probation is “merely unlawful,” as opposed to void for lack of jurisdiction, the defendant’s acceptance of probation constitutes a waiver to attack the probation upon violation and revocation. Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1983). See also Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984); King v. State, 373 So.2d 78 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1197 (Fla.1980). These principles are equally applicable to orders of community control and revocation thereof.
From these authorities, it is apparent that the initial placement on community control cannot serve as a basis to invalidate the sentence imposed upon revocation, as long as that subsequent sentence is legal. Cf. Donald, 562 So.2d at 795 (sentence imposed upon resentencing to correct illegal habitual offender sentence reversed where the second sentence was not in conformity with term required by habitual felony offender statute). And since the subsequent extended sentence imposed upon revocation of community control in this case was in fact legal under the habitual offender statute, neither can it provide a basis for reversal. Thus I feel constrained to disagree with Scott to the extent Scott runs counter to Wolfson, Clem and King.
VII.
This brings the analysis back to defendant’s argument that the trial court erred by failing to comply with the procedural safeguards of the habitual offender statute. Specifically, defendant points out that the trial court did not determine in “a separate proceeding” whether habitualization was appropriate, in compliance with section 775.084(3), and did not make the required findings to support habitualization. Section 775.084(l)(a)l-4; Roberts v. State, 559 So.2d 289, 290 (Fla. 2d DCA 1990). I agree, as does the majority. The imposition of the extended sentence upon revocation of community control was not sufficient to correct the trial court’s initial failure to make the necessary findings as required by section 775.084(l)(a)l-4.
While the state argues that the record is insufficient to make a determination as to whether defendant’s habitual offender status was properly adjudicated in a “separate proceeding,” defendant appears to be correct. At the conclusion of the sentencing hearing, held upon defendant’s violation of community control, the trial court directed the state to obtain “two certified copies of the convictions of the two prior felony convictions if they are not already in the court file” after observing it had already declared defendant a habitual offender. The certified convictions do not appear in the record nor is there any other indication that the trial court made the findings required by section 775.084(l)(a)l-4.
A habitual offender sentence unsupported by those findings is illegal. Walker v. State, 462 So.2d 452, 454 (Fla.1985) (findings constitute “mandatory statutory duty”; trial court’s failure to make them is appealable even absent objection in' trial court). See also id. (Shaw, J., concurring in result only) (“[T]he mandatory specific findings of fact are not subject to waiver, they are a condition precedent to the trial court’s authority to sentence to an extended term of imprisonment”); Johnson v. State, 573 So.2d 178, 179 (Fla. 2d DCA 1991) (defendant not held to plea bargain to habitual offender sentence that was unlawful in absence of finding of requisite prior felony conviction). An illegal sentence, such as in this case where the trial court failed to make the findings required by section 775.084(l)(a)l-4, is fundamental error and may be corrected at any time by this court. Cunningham v. State, 385 So.2d 721, 724 (Fla. 3d DCA 1980), review denied, 402 So.2d 613 (Fla.1981).
*1076 I agree with the majority that we must reverse and remand for resentencing. However, I would further direct that on remand the trial court proceed as follows. Initially, the court should choose between the guidelines and the habitual offender statute. Allen, 573 So.2d at 171. See also Donald, 562 So.2d at 795. Then, should the court deem the guidelines to be more appropriate for defendant, the court may impose only the one-cell bump up unless a valid written reason for departure is stated. Jones v. State, 559 So.2d 204, 206 (Fla.1990). On the other hand, should the court then choose to impose an extended term of imprisonment, the findings necessary to support habitualization must first be made. Section 775.084(l)(a)l-4; Roberts, 559 So.2d at 290.

. The public defender filed an Anders brief. Defendant actually maintains that the maximum sentence is a bump from one recommended range to the next. The scoresheet in the record does not disclose the permitted range, but these offenses occurred after the change in the guidelines concerning permitted ranges. See Puffinberger v. State, 581 So.2d 897, 900 (Fla.1991).

. The reasons for this view include the following. One, there is no requirement that a defendant with the requisite record must receive a habitual offender sentence as is the case with a mandatory minimum sentence which a trial court may initiate; section 775.084(l)(a) merely says that the trial court "may impose” a habitual offender sentence. See Donald v. State, 562 So.2d 792, 795 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla.1991). Two, the appearance of impartiality of a sentencing judge may be compromised when he or she has already filed a notice to invoke a sentencing enhancement procedure, the imposition of which was discretionary in the first place. Three, the decision whether to invoke the habitual offender statute appears to be within the province of the prosecutor rather than the trial court, just as is the initial decision to invoke the death penalty. In fact, it may be concluded that the legislature contemplated that it would be up to the state to seek imposition of a habitual offender sentence: "All reasonable prosecutorial efforts shall be made to persuade the court to impose [a habitual offender sentence].” Ch. 88-131, § 5(d), Laws of Fla. (1988) (emphasis added). Four, in negotiating a plea agreement, the state may look to the habitual offender statute as an effective bargaining tool. See, e.g., Helton v. State, 585 So.2d 412 (Fla. 2d DCA 1991).

. Similarly, in my view it would be illegal to invoke the habitual offender statute and impose a split sentence in which an extended sentence was ordered but the whole term suspended, *1074 with probation imposed instead. Under Allen and Donald a sentence in the county jail under those circumstances would be illegal. See § 921.187(l)(e).