594 So.2d 291 (1992)
STATE of Florida, Petitioner,
v.
Lem Adam WASHINGTON, Respondent.
No. 77626.
Supreme Court of Florida.
February 6, 1992.
Robert A. Butterworth, Atty. Gen., and Monique T. Befeler and Michael J. Neimand, Asst. Attys. Gen., Miami, for petitioner.
Ronald S. Lowy, Law Offices of Ronald S. Lowy, Miami Beach, for respondent.
PER CURIAM.
We review Smith v. State, 574 So.2d 1195 (Fla. 3d DCA 1991),[1] based on asserted conflict with Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla. 1991).[2]
Washington was convicted of armed robbery, a first-degree felony punishable by life imprisonment, and sentenced as a habitual violent felony offender under section 775.084(4)(b)(1), Florida Statutes (1989), to an extended term of life imprisonment without eligibility for release for fifteen years. The district court vacated the sentence and remanded for the trial court to reconsider the sentence as within its discretion. The State seeks review.
The State argues in reliance on Donald that sentencing under the habitual offender statute is mandatory, not permissive. However, Donald is inconsistent with our recent decision in Burdick v. State, 594 So.2d 267 (Fla. 1992), where we held that *292 sentencing under both sections 775.084(4)(a)(1) and 775.084(4)(b)(1), Florida Statutes (1989), is permissive. Consequently, we disapprove Donald to the extent that it is inconsistent with Burdick.
Washington argues that first-degree felonies punishable by life imprisonment are not subject to enhancement under the habitual offender statute. That issue too was decided in Burdick, contrary to Washington's position.
Accordingly, we approve the opinion below and remand for the trial court to reconsider Washington's sentence in light of our determination in Burdick that sentencing under the habitual offender statute is discretionary.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] Washington and Smith, as codefendants, challenged their convictions together at the district level. Only Washington is involved in this Court's review.
[2] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.