PER CURIAM.
In this direct criminal appeal, appellant seeks review of his sentence, as an habitual violent felony offender, to life in prison, subject to a 15-year mandatory minimum period of incarceration. Because of changes in the law which occurred after appellant was sentenced, we are constrained to reverse.
Appellant was found guilty by a jury of armed robbery with a deadly weapon, a first-degree felony punishable by a term of years not exceeding life in prison. § 812.-13(2)(a), Fla.Stat. (1987). In June 1989, appellant was adjudicated guilty of armed robbery with a deadly weapon; found to be an habitual violent felony offender; and sentenced as an habitual violent felony offender to forty years in prison, subject to a 15-year mandatory minimum period of incarceration, pursuant to Section 775.-084(4)(b)l., Florida Statutes (Supp.1988).
In June 1990, appellant filed in the trial court a Motion to Correct Illegal Sentence. In that Motion, appellant pointed out that, in Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla.1991), this court, in an opinion handed down almost a year after appellant had been sentenced, had concluded that the provisions of Section 775.084(4)(b)l., Florida Statutes (Supp.1988), were mandatory— i.e., once a court decides to sentence a defendant convicted of a first-degree felony as an habitual violent felony offender, the court must sentence that defendant to life in prison, subject to a 15-year mandatory minimum period of incarceration. According to the Donald opinion, a sentence of twenty years, subject to a 15-year mandatory minimum period of incarceration, would be an illegal sentence under Section 775.084(4)(b)l. Appellant argued that the Donald rationale applied with equal force to his sentence. Therefore, he argued that his sentence should be vacated; and that he should be resentenced according to the sentencing guidelines.
On April 1, 1991, the trial court granted appellant’s Motion to Correct Illegal Sentence. New sentencing hearings were held on May 1 and 8, 1991. The trial court again found appellant to be an habitual violent felony offender. Recognizing the effect of this court’s decision in Donald, the trial court sentenced appellant, pursuant to Section 775.084(4)(b)l., to life in prison, subject to a 15-year mandatory minimum period of incarceration. (In Donald, this court recognized that such a sentence could be imposed upon resentencing after an illegal sentence had been vacated, provided that the court had not expressed the view during the first sentencing that such a sentence would be inappropriate. Here, the trial court had expressed no such view.)
Believing that he was entitled to a guidelines sentence, appellant sought review in this court. We believe that decisions rendered by our Supreme Court after this appeal had been perfected determine its outcome.
In Burdick v. State, 594 So.2d 267 (Fla.1992), the Court held that both Section 775.084(4)(a)1. (applicable to habitual felony offenders) and Section 775.084(4)(b)l. (applicable to habitual violent felony offenders) apply to first-degree felonies punishable by a term of years not exceeding life in prison; and that, under both subsections, a life sentence is permissive, rather than mandatory. On the same day that it decided Burdick, the Supreme Court expressly disapproved this court’s decision in Don- *676 aid, to the extent that it is inconsistent with Burdick. State v. Washington, 594 So.2d 291 (Fla.1992).
As a result of the Supreme Court’s decision in Burdick, it is now apparent that the trial court’s original interpretation of Section 775.084(4)(b)l. — that a life sentence is permissive, rather than mandatory — had been correct; and that, therefore, the original sentence of forty years in prison, subject to a 15-year mandatory minimum period of incarceration, had been a legal sentence. The trial court later vacated that sentence and imposed the sentence now under review only because it was attempting to comply with the holding in Donald, which it was obliged to follow.
Because the original sentence of forty years in prison, subject to a 15-year mandatory minimum period of incarceration, was a legal sentence, it was error to vacate that sentence and to impose the sentence now under review. Accordingly, we vacate appellant’s sentence to life in prison, subject to a 15-year mandatory minimum period of incarceration; and we remand to the trial court with directions to reimpose the original sentence of forty years in prison, subject to a 15-year mandatory minimum period of incarceration, as an habitual violent felony offender.
VACATED and REMANDED, with directions.
BOOTH, WIGGINTON and WEBSTER, JJ., concur.