605 So.2d 505 (1992)
Charles D. LOWE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1673.
District Court of Appeal of Florida, Fifth District.
September 4, 1992.
*506 Charles D. Lowe, Malone, pro se.
No appearance for appellee.
HARRIS, Judge.
Charles D. Lowe appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion to set aside his plea because of ineffective assistance of counsel and his challenge to an illegal sentence. Lowe was charged with felony DUI and driving with a suspended license. In a separate information, he was charged with two counts of aggravated assault and two counts of battery.
Lowe pled no contest to all charges in a plea agreement that provided for a presentence investigation report. In the agreement, Lowe represented that he was "satisfied that my attorney ... has done all that can be expected of him." He also represented as follows:
I have not been promised, nor has it been suggested, that I will be regarded in any manner or that I will be given any leniency other than the terms set forth above in return for my plea. No person has used any threats, force, pressure or intimidation to induce me to enter such plea.
The transcript reflects that on May 1, 1990, the state had "filed notification of enhancement and [Lowe] recognizes that it would be [the prosecutor's] intention to seek habitual, both labeling and sanctions." Lowe's attorney told the court that he had explained Lowe's rights to him and that he believed that Lowe fully understood the nature of the plea and the rights he was giving up by entering an open plea.
Thereafter, the judge asked the state to "announce for the record" the maximum penalties Lowe faced. The prosecutor stated that as a habitual offender, he could face "a total of 30 years... [w]e are seeking habitual offender treatment." The court added: "If he were to be sentenced habitual it would double the potential penalty that has otherwise been stated for the record... it would actually be doubled to 10 years on each charge." Defense counsel affirmed that he had explained to Lowe that he could receive a "total of 30 years."
Thereafter, Lowe was sworn and his testimony included the following:
(1) That he can read and write and had read the plea form and understood the terms and conditions thereof;
(2) That he was satisfied with his attorney's advice and counsel; and,
(3) He was not coerced to enter the open plea, and his ability to understand what he was doing was not impaired.
After stipulating to the factual basis, Lowe signed his plea form in open court. Thereafter, the judge found the plea voluntarily entered "with full knowledge of its meaning and effect."
The sentencing hearing transcript shows that after extensive defense objections and legal argument, the trial judge concluded *507 that Lowe qualified for habitual felony offender and habitual violent felony offender treatment. The judge declared Lowe to be such an offender.
Lowe was sentenced to ten years in the Department of Corrections for felony DUI and to time served on the suspended driver's license charge. He was given 128 days jail time credit and was adjudicated a habitual offender. The court also sentenced Lowe (on one count of aggravated battery) to a consecutive term of ten years in DOC, and (on the second count of aggravated battery) to ten years probation consecutive to the prison term.
The only issue on appeal that we find has merit is Lowe's contention that the probation portion of his sentence is illegal.
Lowe was sentenced to ten years probation for the crime of aggravated assault. Since that crime is a third degree felony, five years is the maximum imprisonment. However, a habitual offender may be sentenced to up to ten years imprisonment for a third degree felony, and a habitual violent felony offender may receive up to ten years with a minimum mandatory of five years. §§ 775.084(4)(a)(3) & 775.084(4)(b)(3), Fla. Stat. (1989). On Lowe's sentences, the space stating that he is adjudged a habitual offender under section 775.084(4)(a), the habitual offender statute, is checked. However, the sentencing transcript shows that the trial judge orally adjudicated him a habitual violent felony offender. In either event, the judge was empowered to impose a sentence up to and including ten years imprisonment.
The issue of whether the court, after determining that the defendant is a habitual offender, may impose a probation or community control "sentence" was before the court in King v. State, 597 So.2d 309 (Fla. 2d DCA 1992). That court, en banc, in carefully analyzing the habitual offender provisions concluded:
We, therefore, conclude that a trial judge retains the discretion to exercise leniency in regard to habitual felony offenders in two ways. First, using subsection 775.084(4)(c), the trial judge may simply decide not to sentence the defendant as an habitual felony offender. Second, having determined to sentence the defendant as an habitual felony offender, the trial judge has the discretion to sentence an habitual felony offender to any term of years up to the maximum sentence provided in subsection 775.084(4)(a)(1), (2) and (3) or as an habitual violent felony offender to any term of years not less than the minimum mandatory nor more than the maximum sentence provided in subsections 775.084(4)(b)(1), (2) and (3). [Emphasis added.]
We agree with the King analysis and hold that the sentence in this case is invalid because the judge chose to sentence Lowe under the provisions of the Habitual Offender Act and yet failed to sentence him to a term of years and, if sentenced as an habitual violent offender, failed to sentence to the minimum mandatory sentence.
The supreme court in Burdick v. State, 594 So.2d 267 (Fla. 1992), and in State v. Washington, 594 So.2d 291 (Fla. 1992) held that "shall" means "may" and that sentencing under the habitual felony statute is permissive only. But both these cases dealt with first degree felonies punishable by life. The supreme court held that the sentence for a habitual offender (shall) and for a habitual violent offender (may) should be construed to give the court the same discretion. However, both the habitual offender and the habitual violent offender provisions require a "term of years." Certainly, the logic behind having a habitual offender classification in order to enhance punishment is totally frustrated if the court has the discretion to sentence such offender under its provisions to probation. We do not think that was the intent of Burdick and Washington.
This would mean that a judge could downward depart without reason (thus avoiding the guideline requirements) by merely declaring the defendant to be a habitual offender. We do not see this result as having been intended by the legislature.
We remand for resentencing. We note that if the judge desires to continue probation, he may elect not to sentence Lowe *508 under the habitual offender provision as it relates to this count. In that event, a five year maximum term of probation would be appropriate.
REVERSED and REMANDED.
DIAMANTIS, J., concurs.
GOSHORN, C.J., dissents without opinion.