605 So.2d 543 (1992)
Oliver L. CRUMITIE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2254.
District Court of Appeal of Florida, First District.
September 17, 1992.
Nancy A. Daniels, Public Defender, and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Oliver L. Crumitie has appealed from the imposition of a life sentence as an habitual violent felony offender, following his plea of nolo contendere to armed robbery (a first-degree felony punishable by life), and possession of a short-barrelled shotgun. We reverse and remand for reconsideration of the sentence.
At the sentencing proceeding following Crumitie's plea, the state argued: "If the Court finds [Crumitie] to be a violent habitual felony offender ... under the teachings in Donald v. State. 562 So.2d 792, a First DCA case ... the court is required to impose a life sentence with a minimum mandatory of 15 years" (emphasis supplied).[1] The court found Crumitie so qualified, and sentenced him to life with a minimum mandatory term of 15 years.
*544 Crumitie argues first that first-degree felonies punishable by life are not subject to the habitual offender statute. He also seeks resentencing, arguing that the trial court believed that, once it determined that he qualified as an habitual violent felony offender, the imposition of a life sentence under section 775.084(4)(b)(1), Florida Statutes, was mandatory. The first issue was decided adversely to Crumitie in Burdick v. State, 594 So.2d 267 (Fla. 1992) (Burdick II), and we therefore do not address it further in this opinion.
However, the second issue raised by Crumitie was also addressed in Burdick II, when the court answered a question certified in Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991) (Burdick I), to wit: "Is a life sentence permissive or mandatory under the 1988 amendment to section 775.084(4)(a)1, Florida Statutes?" The court responded that "sentencing under sections 775.084(4)(a)(1) and 775.084(4)(b)(1) is permissive not mandatory." Burdick II at 271 (emphasis supplied). The court ruled that, because "the State argued that a life sentence is mandatory under section 775.084(4)(a)(1), and because the trial court in this case did not indicate whether it believed it could in fact decline to impose a life sentence, we remand for the trial court to reconsider the sentence as within its discretion." Burdick II at 271.
In this case, the state similarly argued to the trial court that, once it found Crumitie qualified as an habitual violent felony offender, the imposition of a life sentence was mandatory pursuant to Donald. The state maintains on appeal that the sentence should nevertheless be affirmed, in that the record does not indicate that the trial court believed a life sentence to be mandatory. However, the correct test is rather whether the record indicates that the trial court may have believed that a life sentence was mandatory. If it does, reversal and remand for reconsideration of the sentence as within the trial court's discretion is required. See also Tucker v. State, 595 So.2d 956 (Fla. 1992) (remanded for reconsideration of sentence where the trial court may have believed it was required to impose a life sentence).
In this case, the record does indicate that the trial court may have believed it did not have the discretion to impose other than a life sentence. In fact, given the state's argument to the trial court that a life sentence was mandatory, and that, at the time of sentencing, Donald represented the state of the law on this issue, the trial court clearly "may have believed" that a life sentence was mandatory. We therefore reverse the sentence imposed herein, and remand for reconsideration of the sentence as within the trial court's discretion.
BARFIELD and MINER, JJ., concur.
NOTES
[1] Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990) held that, once a trial court determines to sentence an offender as an habitual violent felon, then the court is required to impose sentence in conformity with section 775.084(4)(b). Donald at 795. The Florida Supreme Court held to the contrary in Burdick v. State, 594 So.2d 267 (Fla. 1992), finding that sentencing under sections 775.084(4)(a)(1) and 775.084(4)(b)(1) is permissive, not mandatory. Burdick at 271.