PER CURIAM.
With the exception of a scrivener's error on the judgment form, which incorrectly lists attempted armed robbery as a life felony rather than a second degree felony, we affirm the judgment against appellant for first degree murder, attempted armed robbery, and attempted first degree murder. We affirm the imposition of consecutive minimum mandatories for first degree murder (25 years) and attempted armed robbery (10 years as the result of appellant being declared a habitual violent felony offender). Downs v. State, 592 So.2d 762 (Fla. 1st DCA 1992). However, because the record indicates that the trial judge may have believed that he was required to sentence appellant to 30 years under section 775.084(4)(b)2., Florida Statutes (1989) *173 for attempted armed robbery, we reverse that sentence and remand for reconsideration as within the trial court's discretion. Crumitie v. State, 605 So.2d 543 (Fla. 1st DCA 1992). The judgment as modified is affirmed and the cause is remanded for resentencing as to count II only. We certify the following question to the Florida Supreme Court as a question of great public importance:
WHETHER A TRIAL JUDGE HAS DISCRETION TO STACK MINIMUM MANDATORY SENTENCES IN CASES INVOLVING CAPITAL FELONIES TOGETHER WITH NON-CAPITAL FELONIES COMMITTED BY HABITUAL VIOLENT FELONY OFFENDERS, WHERE THE PREDICATE OFFENSES ALL OCCURRED DURING THE COURSE OF THE SAME CRIMINAL EPISODE.
AFFIRMED in part, REVERSED in part and remanded for resentencing.
SMITH, SHIVERS and KAHN, JJ., concur.